# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 31, 2010 Session

## IN RE:  GABRIEL J.M., JEFFREY DARRYL CRANFIELD, v. LORI JANE MARTIN

### Appeal from the Juvenile Court for Bradley County
No. J-07-443      Hon. Daniel Swafford, Judge

### No. E2009-00997-COA-R3-JV - FILED DECEMBER 9, 2010

Petitioner filed to establish his parentage of the child born to defendant, Lori Jane Martin. He asked to have his parentage established, that he share parenting time, and expressed the desire to provide child support, as well as pay half the medical expenses for the mother and child.  He also asked that the child then bear his last name.  In a series of motions, the mother moved to relocate to Hawaii, which the Trial Court denied.  She then moved the Court to allow her to move to North Carolina to allow her to pursue a graduate degree.  The Trial Court then allowed this move, and entered a series of orders relating to visitation, travel, etc. The mother appealed to this Court and we remand to the Trial Court because the remaining issues that the petitioner raised in his Petition have not been ruled upon by the Trial Court. The appeal was premature.

**Case Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, Jr., joined.

Lori Jane Martin, Greenville, North Carolina, *pro se.*

Lisa M. Mack, Chattanooga, Tennessee, for the appellee, Jeffrey Darryl Cranfield.

**OPINION**

Petitioner, Jeffrey Darryl Cranfield, petitioned to Establish Parentage and Shared Parenting Plan, alleging that he was the father of a child, Gabriel J.M., who was born to the mother, Janie Martin on May 31, 2007. He set forth that he wished to provide child support, as well as pay half of the medical expenses for the mother and the child, and that he wanted the child to bear his name.

The next pleading is a Motion to Continue and Response to Motion to Approve Temporary Parenting Plan and for DNA Testing, filed by the mother. The father then filed an Emergency motion to Approve Temporary Parenting Plan and Order DNA Testing, and the father also filed a Proposed Parenting Plan, which gave him visitation every Wednesday morning to Thursday evening, and every other weekend. The Court entered an Order stating that the parties would undergo DNA testing, and then the visitation issue would be addressed.

The father then filed a Petition in Opposition of Relocation and for Immediate Temporary Custody and/or Restraining Order, wherein he stated that the parties had entered into an agreed temporary visitation order, and then he was notified by the mother's counsel, that the mother intended to relocate to Hawaii to continue her education. The mother then filed a Motion to Approve Relocation and a petition seeking an expedited hearing on the issue. She set forth that she had been accepted into a Master's Program in Hawaii which would further her education, ultimately benefitting her financially, and that this move was not sought to thwart the father's visitation.

Following a hearing, the Court entered an Order finding the mother's proposed relocation was not for a reasonable purpose, and was not in the best interest of the child, and the Court denied the Motion. The father then filed a Motion to Approve Extended Visitation, and the mother then filed another Motion to Approve Relocation, which the father again opposed. The mother stated that she had been accepted into an MBA program in Greeneville, North Carolina, and that she had applied there in an attempt to stay closer to Tennessee, at the father's suggestion, and that she would return to Tennessee upon completion of the program.

The Court, in another hearing, stated that he would grant the mother's request to move so that she could continue her education, but that the parties needed to find a halfway point where they could meet one weekend per month to allow the father to spend the weekend with the child. The Court also said the mother should come to Tennessee when she had school breaks, and allow the father to have that additional time with the child. The Court stated that if the father wanted to travel to Greeneville to see the child occasionally, he could do so, provided that he gave the mother 48 hours' notice. The Court also ordered the father would

have weekend visits with the child from the time of the hearing until the mother moved.

The Court entered an Order finding the mother's proposed relocation to North Carolina had a reasonable purpose, would not pose a threat of harm to the child, and was not done to prevent a relationship between the father and child. The Order provided the father would get immediate overnight visitation, and that after the mother's move the parties would meet halfway one weekend per month, and the mother would return home on her school breaks. The mother appealed.

The parties filed a transcript which revealed that the mother's attorney stated that "anytime there's a holiday, Ms. Martin is coming home." The attorney also reminded the Court that there were financial matters to attend to regarding the child, which still had not been dealt with. The Court stated that since it was the mother's desire to move, she should have to "take the lion's share" of responsibility regarding travel for visitation, and her attorney once again stated that she intended to come home for breaks because her family was here, and that they were happy to put that in the order.

The issues raised on appeal are:

1.      Does the mother have the right to appeal?

2.      After the father's parentage was established, did the Trial Court err in failing to set child support, provide for the child's health insurance, provide for the mother's pregnancy and birth expenses, etc.?

3.      Did the Trial Court err in ordering mother to return to Cleveland for all school breaks?

The father argues that this case was not ripe for appeal, as all matters in the Trial Court had not been concluded and there was no final, appealable order. The mother argues in her brief similarly that the Trial Court erred in failing to address the issue of child support, health insurance for the child, pregnancy/birth expenses, etc., once paternity was established. The Trial Court's order does not state that other matters are reserved for future determination, nor does it say that it is a final order pursuant to Rule 54, but it clearly does not adjudicate child support or any financial issues whatsoever. Accordingly, both parties are correct and this matter is required to be remanded for an immediate hearing on child support, health insurance, and other financial issues regarding this child.

As to the mother's issue regarding her school breaks, since this is not a final judgment, it may be raised again at the trial level. We know, however, that the mother seemed to

-3-

acquiesce in this requirement at the hearing, as her attorney volunteered at the beginning of the hearing that she intended to return to Cleveland "anytime there's a holiday", specifically naming summer break, Christmas break, and spring break, and stated that Ms. Martin was happy to agree.

The Court asked Ms. Martin if she had a problem with coming home for her school breaks, and she replied, "I will work that out." Thus, it would appear the mother waived any objection she had to this requirement in the Trial Court. However, visitation matters remain within the jurisdiction of the Trial Court and can be changed if the Trial Court finds it in the best interest of the child.

In conclusion, this case is remanded for further proceedings, and the Trial Court specifically is required to address the issue of child support, pregnancy expenses, health insurance for the child and other pertinent matters.

The case is remanded and the cost of the appeal is assessed one-half to Jeffrey Darryl Cranfield and one-half to Lori Jane Martin.

_____
HERSCHEL PICKENS FRANKS, P.J.